The Honorable Jim Von Gremp State Representative P.O. Box 866 Bentonville, Arkansas 72712-0866
Dear Representative Von Gremp:
This is in response to your request for an opinion on whether certain employees of a local county board of education can transfer sick leave accumulations when their adult education program is transferred from the board to a community college. Specifically, correspondence attached to your request indicates that after the Governor's line item veto of certain funding for local county boards of education, the Benton County Board of Education released the adult education program which operated under its administration to seek another administrative entity. The program was taken up by the Northwest Arkansas Community College. The correspondence indicates that the employees in question were previously employed by the County Board of Education, and are now employed by the Community College. Your questions with regard to these facts are as follows:
 1. What area of statute covers the sick leave policy of members of the Adult Education division which have operated under the jurisdiction of the County Boards of Education and local school districts?
 2. Are former members of the Adult Education Division so classified that they would come under the sick leave guidelines of Section 6, Chapter 17, subsection 1205 and 1206 (school teachers) or the Uniform Leave and Attendance Law (Statute 21-4-201 through 21-4-214)?
 3. If the members of the adult education division are eligible to transfer sick leave hours, what are the total number of accumulated days that they may transfer from one district (County Board of Education) to another (Northwest Arkansas Community College)?
It is my opinion in response to your first two questions, assuming the facts above, that neither A.C.A. § 6-17-1206 (Cum. Supp. 1991), nor A.C.A. § 21-4-207 (Adv. Code Serv. 1992-93) governs the sick leave policy of these employees. In addition, I have found no other statute which governs the sick leave of such employees or authorizes the transfer of sick leave accumulations in this instance.
Section 6-17-1206 of the Arkansas Code governs the sick leave policy of "school teacher[s] and other certified personnel employed by a school district. . . ." When such an employee transfers to another school district, educational cooperative, or to a position requiring certification in a state agency, this statute authorizes the granting of credit for any unused sick leave accumulated. This statute is inapplicable to the facts at hand, however, because the employees in question were not "employed by a school district," but rather, were employed by the County Board of Education.[1]
Neither, in my opinion, does A.C.A. § 21-4-207 operate to authorize the transfer of sick leave accumulations in this instance. This statute provides that "[e]mployees transferring between state agencies without a break in service shall, at the time of the transfer, retain all accumulated sick leave credits." The employees in question, however, if truly employees of the County Board of Education, as is indicated in your request, are not transferring "between state agencies," so as to come within this provision.[2]
It is therefore my opinion that current statutes do not authorize these employees to transfer any accumulated sick leave amounts to the Northwest Arkansas Community College. An answer to your third question is therefore unnecessary.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh
[1] This conclusion assumes that such employees were not previously serving as employees of an "educational service cooperative." Employees of such cooperatives "shall be employed in accordance with laws, rules, regulations, and procedures applicable to the school districts of this state." A.C.A. §6-13-1011 (1987). Employees of such cooperatives, therefore, would be entitled to transfer sick leave under A.C.A. §6-17-1206. I have found no similar provision, however, for employees of a county board of education.
[2] This conclusion assumes that the employees in question are not employees of a "vocational-technical school" or an "adult education school" created under the authority of A.C.A §6-51-202. Such employees are subject to all the laws governing personnel of the Department of Education regarding such matters as leave regulations, and thus would be eligible to transfer sick leave pursuant to A.C.A. § 21-4-207, which authorizes such a transfer between two "state agencies."